# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LARRY D. MEDVRICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13 CV 1466 DDN |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM**

This action is before the court for judicial review of the final decision of the defendant Commissioner of Social Security denying the applications of plaintiff Larry D. Medvrich for disability insurance benefits under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401, et seq., and for supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381, et seq. The court appointed counsel[1] for plaintiff under 28 U.S.C. § 1915, due to the complex nature of the legal arguments before the court. (Doc. 26.) Plaintiff has appealed only the decision regarding his application for Title II benefits. (Doc. 41 at 2 n.1.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 10.)

## **I. BACKGROUND**

Plaintiff Larry D. Medvrich was born August 27, 1956. He has filed at least eight applications for either Title II (disability insurance benefits) (DIB) or Title XVI (supplemental security income) (SSI) benefits since 2003. (Tr. 110.)

On January 15, 2003, plaintiff applied for disability insurance benefits and supplemental security income alleging an onset date of June 15, 1999 (2003 claim). (Tr. 110-11.) Both applications were denied, at the initial level and after a hearing before an Administrative Law Judge (ALJ), because it was determined that plaintiff could perform his past relevant work. (Tr.

---

[1] The Court thanks David Camp, Esq., appointed counsel, for his diligent expert representation of plaintiff in this action.

15, 24, 52, 110-11, 127.) The Appeals Council found no reason to disturb the ALJ's finding. (Tr. 22, 25, 110-11.)

On August 29, 2006, plaintiff applied for SSI and DIB alleging an onset date of April 20, 2006. He was awarded SSI, but denied DIB due to a lack of insured status.[2] Neither determination was appealed. (Tr. 22, 109-11.)

On October 9, 2007, plaintiff applied for SSI and DIB alleging an onset date of June 15, 1999. The alleged dates of disability as well as the alleged impairments were identical to the 2003 claim. Therefore, the Commissioner treated this application as an implied request to reopen that claim. See Brown v. Sullivan, 932 F.2d 1243, 1247 (8th Cir. 1991) (claimant's second application was identical to the first, and was treated by the Secretary as an "implied request to reopen"). The claim was denied on *res judicata* grounds due to the previously denied 2003 claim. (Tr. 110-11.)

On August 4, 2008, plaintiff applied for DIB alleging an onset date of June 15, 1999, the same alleged onset date as the 2003 claim. The alleged impairments were also identical to the 2003 claim. Therefore, the claim was denied on *res judicata* grounds. (Id.)

On March 2, 2009, plaintiff applied for DIB alleging an onset date of January 24, 2009. The claim was denied due to a lack of insured status. The decision was not appealed. (Tr. 52, 109-11.)

The applications at issue were filed on February 16, 2010. (Tr. 97-104.) Plaintiff alleged an onset date of disability of January 24, 2009. (Id.) His applications were denied on April 19, 2010, and he requested a hearing before an ALJ. (Tr. 45-48.)

On April 5, 2011, following a hearing, the ALJ made three dispositive determinations. First, he ruled that plaintiff did not meet the required insured status as of the alleged onset date of disability. Second, plaintiff is ineligible for SSI because he has income and resources beyond the allowable limits. Finally, the ALJ found he could not reopen the 2003 claim, because the decision is "administratively final and binding." The ALJ ruled that this claim could be reopened only for fraud or similar fault. (Tr. 23-26.) On August 19, 2013, the Appeals Council denied plaintiff's request for review. (Tr. 4-5.)

## II. DISCUSSION

---

[2] Plaintiff's SSI has since been terminated due to his wife's income and his Veterans Administration pension. (Tr. 22.)

**A. Res Judicata**

Plaintiff objects to the ALJ's application of the res judicata doctrine to his claims filed on January 15, 2003, October 9, 2007, and August 4, 2008.[3] (Docs. 1, 18, 49); (Tr. 109-12, 920-38.) The Commissioner argues that the court lacks jurisdiction to consider plaintiff's claim because the Commissioner's decision to not reopen a claim is not subject to judicial review.

Plaintiff argues that the actions of the ALJ holding a hearing, accepting additional materials from him, and issuing an "unfavorable" decision constituted a constructive reopening. (Pl.'s Br. 6-7.) In order to be considered constructively reopened the ALJ must have reconsidered the original claim on its merits. See Mousseau v. Barnhart, 119 F. App'x 18, 20 (8th Cir. 2004) (per curium) (citing Boock v. Shalala, 48 F.3d 348, 352 n.4 (8th Cir. 1995)). Merely reviewing the prior claim and the medical history to determine the threshold question of whether to reopen does not constitute a de facto reopening of the merits of the claim. See Robertson v. Sullivan, 979 F.2d 623, 625 (8th Cir. 1992). There are three key time frames the Administration considers when examining a request to reopen. First, a claim may be opened for any reason within one year of the final decision. 20 C.F.R. § 404.988(a). Second, a claim may be opened for good cause if requested within four years of a final decision. 20 C.F.R. § 404.988(b). Finally, a decision may only be reopened after four years for fraud or ten other specific reasons. 20 C.F.R. § 404.988(c). The Eighth Circuit has held that "there can be no constructive reopening after four years because [the] concept cannot extend beyond the scope of authority granted under the regulations." King v. Chater, 90 F.3d 323, 325 (8th Cir. 1996) (internal quotations omitted); see also, Mosseau, 119 F. App'x. at 20.

The ALJ did not constructively reopen plaintiff's case. The ALJ specifically stated during the hearing, "I'll be looking into the ability to reopen." (Tr. 936.) This was stated because plaintiff raised the issue of his previous claims' denials at the 2011 hearing. The 2010 applications themselves did not overlap with the alleged disability period of the 2003 claim. (Id.) In his

---

[3] Plaintiff also argues his March 2, 2009 was an implied request to reopen the claim because he alleged a disability onset date that overlapped the alleged disability dates of the original January 15, 2003 application. (Doc. 41 at 3.) According to Social Security Administration records, however, the alleged onset date of the March 2, 2009 claim was January 24, 2009. (Tr. 109-10.) Therefore the March 2, 2009 claim cannot be construed as an implied request to reopen the January 15, 2003 application.

decision the ALJ stated that the only way that the 2003 claim could be reopened was upon a finding of fraud or similar fault, or if other unique situations are present. (Tr. 25); 20 C.F.R. § 404.988(c). Over four years had passed between the final decision and plaintiff's request to reopen at his hearing. Therefore, reopening his claim was subject to significant limitations. (Tr. 25); 20 C.F.R § 404.988(c). Having found no adequate reason to reopen, the ALJ held:

> [T]he regulations do not permit the undersigned to reopen the previous decision regarding the issue of the claimant's disability between June 15, 1999 and January 10, 2005. Too much time has elapsed since the original decision was rendered and appealed, and thus the additional medical records provided by the claimant do not form a basis to reopen the previous decision.

(Tr. 25.)

The Social Security Act allows judicial review within sixty-days of notice of a final decision but otherwise prohibits judicial review. 42 U.S.C. § 405(g), (h). Specifically, "[t]he ALJ's decision to deny reopening the claim is not subject to judicial review." Robbins v. Sec'y of Health & Human Servs., 895 F.2d 1223, 1224 (8th Cir. 1990). "Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. [The court's] duty, of course, is to respect that choice." Califano v. Sanders, 430 U.S. 99, 108 (1977).

Nothing indicates there was a reopening or even a constructive reopening, because the 2003 claim was never reconsidered on its merits. The ALJ could not just issue a dismissal of plaintiff's request to reopen his old claims. The ALJ's opinion had to address plaintiff's insured status as of the current alleged onset date, January 24, 2009, as well as plaintiff's ineligibility for SSI because his income was too high. Additionally, the 2007 and 2008 claims, implied requests to reopen the 2003 claim, had been considered by the Administration and dismissed due to res judicata and these decisions were not appealed. Accordingly, absent a colorable constitutional claim, the court lacks subject matter jurisdiction to review plaintiff's 2003, 2007, and 2008 claims.

### B. Constitutional Claim

Plaintiff argues his constitutional due process rights have been violated because, contrary to published policy, relevant evidence was destroyed. According to plaintiff, the destruction of his

previously denied 2003 claims file has prevented him from adequately presenting his request to reopen the 2003 claim. The defendant has different internal policies regarding the retention of files. HALLEX I-2-1-10 states that disallowed paper claims under Title II are "generally" retained ten years and claims under Title XVI for six and a half years. Soc. Sec. Admin., HALLEX I-2-1-10, Claim(s) Files (2014). However, another internal guide, the Programs Operations Manual System (POMS), states that "the retention period for inactive files on denied or terminated title II RSI and DI cases is 5 years." Soc. Sec. Admin., POMS DI 40510.142 Locating Folders, http://policy.ssa.gov/poms.nsf/lnx/0440510142 (last updated Mar. 29, 2013). Therefore, citing the POMS guideline, defendant argues the file was properly destroyed sometime after 2008, which is five years after plaintiff's claim became final because he did not appeal the Appeal's Council decision. (Def.'s Br. 8.)

The Eighth Circuit has not expressly ruled on the legal effect of the Administration violating its own internal policies, but this court has said "[t]his Court believes that the Eighth Circuit would hold that HALLEX does not have the force of law." Ellis v. Astrue, No. 4:07CV1031 AGF, 2008 WL 4449452, at *16 (E.D. Mo. Sept. 25, 2008) (citing Shontos v. Barnhart, 328 F.3d 418, 424 n.7 (8th Cir. 2003)). In another case involving an alleged HALLEX violation, this court said that "even if the ALJ [violated HALLEX], the [violation] would be harmless error. Remand is only necessary where the ALJ's error jeopardizes the existence of substantial evidence to support the ALJ's decision, or where the ALJ applies the wrong legal standard." Lovett v. Astrue, No. 4:11CV1271 RWS-TIA, 2012 WL 3064272, at *11 (E.D. Mo. July 6, 2012), report and recommendation adopted, 2012 WL 3062803 (E.D. Mo. July 27, 2012).

The administration's own guidelines do not have the force of law and therefore their violation is not a per se due process violation. Rather, due process violations are examined using the three factors stated in Mathews v. Eldridge.

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. 319, 335 (1976).

These factors ensure that disability claimants are provided a "full and fair hearing." Passmore v. Astrue, 533 F.3d 658, 663 (8th Cir. 2008). Furthermore, the constitutional claim must be "collateral to and not inextricably intertwined with [the claimant's] claim for benefits." Bullyan v. Heckler, 787 F.2d 417, 419 (8th Cir. 1986). Also the mere use of res judicata to bar a subsequent claim, alone, is not a procedural due process violation. Id. at 420. The Eighth Circuit, in an unpublished opinion, found that the Administration properly dismissed a previously decided claim based on res judicata even though the original claim file could not be found. Outlaw v. Barnhart, 40 F. App'x 330, 331 (8th Cir. 2002) (per curium). The Eighth Circuit stated, "[t]he existence of a 1989 adverse determination—despite the missing file—was supported by the record as a whole, and [the claimant] was given an opportunity to present any conflicting evidence." Id. The Sixth Circuit's discussion on the matter is also helpful. In Gosnell v. Sec'y of Health & Human Servs., that court held,

> [T]he Secretary's inability to find the files in question does not constitute a due process violation. We do not believe that the due process clause requires the Secretary to retain records perpetually in order to enable claimants to reopen their cases at any time. Such a rule . . . would be manifestly inconsistent with a statutory scheme that requires the claimant to prove all elements of entitlement to disability insurance benefits.

703 F.2d 216, 218 (6th Cir. 1983); Glazer v. Comm'r of Soc. Sec., 92 F. App'x 312, 315 (6th Cir. 2004); Owens v. Apfel, No. 98 Civ. 4379 (LMM), 2004 WL 2725083, at *2 (S.D.N.Y. Nov. 24, 2004).

The burden of showing error continues to lie with the claimant and the Constitution does not exempt claimants from maintaining their own records. Gosnell, 703 F.2d at 219.

Plaintiff's interest is to be able to present his claim, fully and fairly. Plaintiff has had ample opportunity to present his case, to appeal, and to attempt to reopen his claim. His claim was originally presented in 2003 and he appealed the denial of benefits both to an ALJ and the Appeals Council. (Pl.'s Br. 2; Tr. 110.) Plaintiff chose not to appeal further, and therefore that decision is binding as of the date of notice of the initial determination, January 10, 2005. (Pl.'s Br. 2; Def.'s Br. 2.). Plaintiff never attempted to reopen this claim during the first year, which he could have requested "for any reason." 20 C.F.R. § 404.988(a); (Tr. 110). Plaintiff then attempted to reopen this claim twice during the time period for which it could be reopened only for "good

cause". 20 C.F.R. § 404.988(b). Both attempts were denied for res judicata reasons and neither denial was appealed past the ALJ level of review. (Pl.'s Br. 2; Def.'s Br. 4-5.) Finally, plaintiff filed the claim that is currently before the court, in which the ALJ reviewed the 2003 claim for any fraud, because, now nine years after the initial determination, "fraud or similar fault" is the only way the 2003 claim could be reopened. See 20 C.F.R. § 404.988(c). Having found no fraud, the ALJ properly dismissed the request because the 2003 claim is "administratively binding." (Tr. 25.) The plaintiff has received a full and fair opportunity to present his Social Security claims.

The second Mathews factor protects against the possibility of error or deprivation of rights. Mathews v. Eldridge, 424 U.S. at 335. Given all of the opportunities for review at various levels of both the Administration and the judiciary, there is little chance for error here. This includes opportunities during the initial claim and then during the reopening process. The third Mathews factor requires the court to consider the burden caused by an alternative method. Id. The burden on the Commissioner would be high if she were required to change her record retention polices and keep claimant files indefinitely, just in case a claimant wished to reopen its case at any time in the future. Gosnell, 703 F.2d at 218.

The undersigned concludes that plaintiff was not denied due process. Plaintiff has not asserted a colorable constitutional claim regarding the denial of reopening his 2003 claim. Therefore, this court lacks subject matter jurisdiction to hear this case.

### III. CONCLUSION

For the reasons set forth above, the court does not have jurisdiction to consider the ALJ's denial of plaintiff's request to reopen the Title II claim denied on January 10, 2005. An appropriate Judgment Order is issued herewith.

    /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on January 5, 2015.